JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELICET MALDONADO, | Case No. 2:25-cv-07344-MAR |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO REMAND, DKT. 9 |
| FORD MOTOR COMPANY; LAD-F, INC., | |
| Defendants. | |

## I.

## **SUMMARY OF ORDER**

Plaintiff Elicet Maldonado ("Plaintiff") filed the instant action in Los Angeles County Superior Court on December 27, 2024.   ECF Docket No. ("Dkt.") 1-1. Defendant removed the matter to this Court on August 7, 2025.  Plaintiff now moves to remand to state court.  Dkt. 9.  For the reasons stated below, the motion is **GRANTED**.

## II.

## **BACKGROUND**

On December 27, 2024, Plaintiff filed a complaint in Los Angeles County Superior Court alleging several claims related to her purchase of a 2019 Ford Ranger manufactured by Defendant Ford Motor Company ("Ford") and serviced by Defendant LAD-F, Inc., doing business as Ford of Downtown LA ("the

Dealership"). Dkt. 1-1. Plaintiff brought a claim against Ford for violation of California's Song-Beverly Consumer Warranty Act, California Civil Code Sections 1790–1795.8, alleging that Ford was unwilling or unable to repair her vehicle under warranty, and failed to replace the vehicle or offer restitution to Plaintiff. Complaint ¶ 86. The Complaint also alleged that Ford fraudulently induced Plaintiff to purchase the vehicle without disclosing a known transmission defect. Id. ¶¶ 93–102. The Complaint also alleged a third cause of action against the Dealership alone for Negligent Repair, alleging that, although Plaintiff brought her vehicle to the Dealership for repair "on numerous occasions," the Dealership "breached its duty to use ordinary care and skill by failing to properly store, prepare and repair the Subject Vehicle in accordance with industry standards." Id. ¶¶ 112–113.

Defendant Ford removed the matter to this Court on August 7, 2025. Plaintiff now moves to remand to state court, arguing primarily that the parties are not completely diverse.

## III.

## LEGAL STANDARD

District courts have original diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. See 28 U.S.C. § 1441(a). The case must, however, be remanded to state court if, at any time before final judgment, it appears that the federal court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87 (1991). Federal courts "strictly construe the removal statute against removal jurisdiction," such that any doubt as to the propriety of removal is resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

2

A removing defendant bears the burden of proving federal jurisdiction.  See Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus, 980 F.2d at 566.

## IV.

## DISCUSSION

Ford's Notice of Removal states that Plaintiff is a citizen of California.  Notice of Removal ("NOR") (Dkt. 1) at 4.  Plaintiff's Complaint alleges that the Dealership is a "California Stock Corporation."  Dkt. 1-1 ¶ 4.  Implicitly acknowledging that the parties are thus not completely diverse on the face of the Complaint, Ford nevertheless contends that the Dealership's "putative California citizenship should be disregarded because it is fraudulently joined by Plaintiff in an attempt to destroy diversity jurisdiction."  NOR at 4:23-25.  Moving to remand, Plaintiff argues that complete diversity is lacking because Ford has failed to meet its burden to demonstrate that the Dealership was improperly joined.  Motion (Dkt. 9) at 3-5.

District courts have original jurisdiction where the matter in controversy exceeds $75,000 in value "and is between citizens of different States."  28 U.S.C. § 1332(a).  Complete diversity of citizenship is required, meaning each plaintiff must be a citizen of a different state than each defendant.  Caterpillar Inc. v. Lewis , 519 U.S. 61, 68 (1996).  There is, however, an exception to the complete diversity requirement "where a non-diverse defendant has been 'fraudulently joined.'"  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  "[T]here is a general presumption against fraudulent joinder," which is itself "a term of art."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); Morris, 236 F.3d at 1067. Nevertheless, a defendant can establish fraudulent joinder by showing that a non-diverse defendant "cannot be liable on any theory."  Id.; Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018).  This is a "heavy burden" that can only be satisfied "by clear and convincing evidence."  Grancare, 889 F.3d at 548;

3

Hamilton, 494 F.3d at 1206.  Indeed, "if there is [even] a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."  Grancare, 889 F.3d at 548 (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)), 549 (likening standard to "wholly insubstantial and frivolous" standard applicable under Federal Rule of Procedure 12(b)(1)).  Federal courts, moreover, "resolve all ambiguities in the controlling state law in favor of the non-removing party."  Ballesteros v. Am. Standard Ins. Co. of Wisc., 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir.1992)) (internal alteration omitted).

With this framework in mind, the Court turns to Ford's contention that Plaintiff's negligent repair claim against the Dealership is barred by the "economic loss rule."  Opposition (Dkt. 11) at 7.  That rule, designed to "prevent the law of contract and the law of tort from dissolving one into the other," "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."  Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 988 (2004) (citation and internal alteration omitted).  In the motor vehicle context, the economic loss rule often operates to bar tort claims related to vehicle warranties because, in such cases, a plaintiff's "harm is purely economic and derives from [the manufacturer']s alleged breach of its warranty obligation to fix or replace the vehicle if it is defective," and under the economic loss rule, "a plaintiff cannot assert tort claims based on a product not performing as promised—that is simply an economic loss recoverable in a contract-based action."  In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig., 483 F. Supp. 3d 838, 848 (C.D. Cal. 2020).

///

///

4

Here, Plaintiff's negligent repair claim makes no reference to any vehicle warranty, or any other contract, and is alleged not against the manufacturer, but solely against the Dealership to which she brought her vehicle for repairs.  Ford nevertheless contends that the economic loss rule bars Plaintiff's negligence claim against the Dealership "because a defective Vehicle was in the contemplation of the warranty that gave rise to the [Dealership's] putative repair obligation."  Opp. at 9:5–-6.  None of the elements of Plaintiff's negligent repair claim, however, depends upon or implicates the existence of the vehicle warranty.  "To state a claim for negligent repair, the plaintiff must establish the elements of a standard negligence claim: duty, breach, causation, and damages."  Andrade v. Ford Motor Co., No. 322CV00291RBMMSB, 2023 WL 2586302, at *5 (S.D. Cal. Mar. 20, 2023).  Although the Complaint is not particularly detailed, Plaintiff does allege that the Dealership owed her a duty to use ordinary care and skill in storing, preparing, and repairing her vehicle in accordance with industry standards, and that its breach of that duty damaged Plaintiff.  Regardless of what the warranty might have "contemplated," or indeed whether Plaintiff's vehicle was covered by any warranty, "[o]ne who undertakes repairs has a duty arising in tort to do them without negligence."  McKeown v. Ford Motor Co., No. CV1900281CJCPLAX, 2019 WL 1199468, at *2 (C.D. Cal. Mar. 13, 2019) (quoting Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp., 422 F.2d 1013, 1020 (9th Cir. 1970)); see also Frank v. FCA US LLC, No. CV 20-2699-GW-RAOX, 2020 WL 3487640, at *4 (C.D. Cal. June 15, 2020) ("California law recognizes an exception to the economic loss doctrine where the plaintiff alleges negligent performance of services.").  Thus, courts have regularly concluded that even "threadbare" allegations similar to those here are sufficient to state a claim for negligent repair.  Andrade, 2023 WL 2586302 at *5; see also, e.g., Cortez v. Nissan N. Am., Inc., No. 2:24-CV-05909-ODW (PDX), 2024 WL 5054378, at *6 (C.D. Cal. Dec. 10, 2024); Burch v. Ford Motor Co., 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024); Lytle v. Ford Motor Co.,

No. 2:18-CV-1628 WBS EFB, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018). Accordingly, "[d]istrict courts in California have been virtually unanimous in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim." Cortez, 2024 WL 5054378 at * 6 (citations omitted).

Defendant also argues that the California Supreme Court "went beyond the economic loss rule" in Rattagan v. Uber Techs, Inc., 17 Cal.5th 1, (2024), to discuss an "independent tort principle" that also bars Plaintiff's negligent repair claim against the Dealership.  Opp. at 5.  In the course of addressing whether the economic loss rule bars intentional tort claims, the court observed that, notwithstanding the economic loss rule, "[c]ourts generally permit tort suits if the defendant allegedly violated a duty rooted in tort principles that is independent of the parties' contractual rights and obligations and exposed the plaintiff to a risk of harm beyond the parties' reasonable contemplation when they entered into the contract."  Rattagan, 17 Cal. 5th at 23.  The court observed further that "[w]hether the alleged harm arises independently from the contract can be a nuanced question."  Id. at 26.  The court explained that in determining whether the parties' expectations bar recovery in tort, courts must "[(1)] ascertain the full scope of the parties' contractual agreement . . ., [(2)] determine whether there is an independent tort duty to refrain from the alleged conduct," and, if such a duty exists, (3) "consider whether the plaintiff can establish all elements of the tort independently of the rights and duties assumed by the parties under the contract."  Id.  In other words, "[i]f the alleged breach is based on a failure to perform as the contract provides, and the parties reasonably anticipated and allocated the risks associated with the breach, the cause of action will generally sound only in contract."  Id. at 27.

Defendant asserts that Plaintiff's negligent repair claim "squarely falls within the Rattagan bar because the repairs were performed at Ford's expense pursuant to warranty obligations."  Opp. at 6:24-25.  This argument appears to track, and indeed

cites only to, a brief discussion in Bakhtiari v. Nissan N. Am., Inc., No. 25-CV-02521-JD, 2025 WL 2380964 (N.D. Cal. Aug. 15, 2025), wherein the court concluded that Rattagan barred a negligent repair claim where "the only plausible duty [a dealership] could have owed to plaintiffs in this regard was one that arose from plaintiffs' warranty or their entering into a contract for the repair of the vehicle." Bakhtiari, 2025 WL 2380964 at *1. As another court in this district has recognized, however, "the Bakhtiari court never addressed how the exceptions to the economic loss rule . . . should be applied post-Rattagan, especially in light of the California Supreme Court's emphasis that the economic loss rule is best understood as a specific application of the independent tort principle." Farret v. Ford Motor Co., No. 2:25-CV-08510-SVW-PD, 2026 WL 26054, at *3 (C.D. Cal. Jan. 5, 2026) (internal quotation marks and alteration omitted). Indeed, even after Rattagan, the overwhelming majority of courts have continued to conclude that the economic loss rule does not necessarily bar negligent repair claims such as that brought by Plaintiff. See, e.g., Luera v. Ford Motor Co., No. 8:25-CV-01857-JDE, 2025 WL 2992483, at *3 (C.D. Cal. Oct. 23, 2025) (collecting cases); Acosta v. Nissan N. Am., Inc., No. 8:25-CV-00480-FWS-DFM, 2025 WL 2835462, at *2 (C.D. Cal. Oct. 6, 2025); Soto v. Nissan N. Am., Inc., No. 2:25-CV-02975-KS, 2025 WL 2842034, at *8 (C.D. Cal. Sept. 29, 2025); Viloria v. Ford Motor Co., No. 2:24-CV-06945 MWC (AGRX), 2025 WL 3050218, at *4 (C.D. Cal. June 2, 2025); Cortez, 2024 WL 5054378 at *5; Burch, 758 F. Supp. 3d at 1099 (N.D. Cal. 2024). Several of these courts, moreover, have explicitly rejected the Rattagan-based argument Defendant raises here. See, e.g., Farret, 2026 WL 26054 at *3; Luera, 2025 WL 2992483 at *3; Acosta, 2025 WL 2835462 at *2.

This Court agrees with the continuing consensus view that the economic loss rule does not necessarily bar a negligent repair claim. Even assuming that the full scope of the warranty contract contemplated the possibility of subsequent repairs to Plaintiff's vehicle, it is not clear that the Dealership owed no independent duty to

Plaintiff.  McKeown, 2019 WL 1199468 at *2; Frank, 2020 WL 3487640 at *4.  And if the Dealership did owe Plaintiff such a duty, there is no indication on the record before this Court that Plaintiff could not satisfy the remaining elements of breach, causation, and damages without reference to the warranty contract.  Although Defendant has, at best, arguably identified some ambiguity as to the effect of the Rattagan court's discussion of the relationship between contract and intentional tort claims on negligence claims such as that brought here, this Court must resolve any such ambiguity in favor of Plaintiff, the non-removing party.  Ballesteros, 436 F. Supp. 2d at 1072.  Viewing Plaintiff's complaint through that lens, the Court cannot conclude that there is no possibility that a state court would allow Plaintiff's negligent repair claim to proceed, whether as currently alleged or upon amendment.  See Grancare, 889 F.3d at 550 ("[T]he district court must consider . . . whether a[ny] deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").  The Court therefore finds that the Dealership was not fraudulently joined.

Absent fraudulent joinder, this Court cannot disregard the Dealership's California citizenship.[1]  Because the parties are not completely diverse, this Court lacks jurisdiction under 28 U.S.C. § 1332(a).  Caterpillar, 519 U.S. at 68.

///

///

///

///

///

///

---

[1]  The Court declines to exercise its discretion to sever or dismiss the Dealership pursuant to Federal Rule of Procedure 21.  See Sams v. Beach Aircraft Corp., 625 F. 2d 273, 277 (9th Cir. 1980); Smith v. Ford Motor Co., No. 19-CV-05170-CRB, 2020 WL 609864, at *5 (N.D. Cal. Feb. 4, 2020); Fed. R. Civ. P. 21.

8

## V.

## CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED**.

**IT IS THEREFORE ORDERED**:

This action is **REMANDED** to the Superior Court of California, County of Los Angeles.

Dated:  January 28, 2026

_____

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

9